IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND JOHN DOES OF UNKNOWN NUMBER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER, AND ORDER TO SHOW CAUSE**<br><br>Case No. 2:10-CV-00885-CW<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

This action is brought before the court on removal from state court. Plaintiff makes various claims, as stated *infra*, stemming from a quitclaim deed it obtained on June 16, 2010. Plaintiff's contention is that Defendants cannot foreclose on the process because any such power they may have been granted by the previous owner was destroyed in the securitization process of the corresponding debt. Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. Plaintiff moves to remand this case back to state court on the theory that John Doe defendants destroy diversity. The court grants all motions in favor of Defendants, and orders Plaintiff's counsel to show cause why he should not be sanctioned for bringing a frivolous motion.

## BACKGROUND

The facts relating to Plaintiff are surprisingly few. Plaintiff alleges that it purchased a quitclaim deed for the subject property from Pamela Watson (the "predecessor") on June 16, 2010, which it recorded on June 21, 2010 in the Salt Lake County Recorder's Office.[1] On July 13, 2010, successor Trustee Paul M. Halliday, Jr. posted the Notice of Trustee's Sale on the subject property with a date of sale listed as August 12, 2010.[2] For the purpose of providing context in deciding the parties' motions, the court also finds the following facts surrounding predecessor's interest in the property.

Predecessor executed a note in favor of CitiMortgage, Inc. (the "Lender")[3] and delivered a deed of trust, conveying the property in trust to First American Title. The trust deed was recorded on February 14, 2008.[4] The beneficiary named in the trust deed was Mortgage Electronic Registration System, Inc. ("MERS"), acting solely as nominee for Lender and Lender's successors and assigns, and the successors and assigns of MERS.[5] The debt was then sold by CitiMortgage to Fannie Mae as an intermediary step in the securitization of the debt.[6] The debt was then pooled and sold to investors.[7]

On April 27, 2010, an Assignment of the trust deed was recorded wherein beneficial interest in the trust deed was assigned to Lender.[8] There is no allegation that Lender did not authorize or adopt, nor was unable to authorize or adopt the substitution of Trustee naming Paul

---

[1] (Compl., ¶ 34.)
[2] (Compl., ¶ 57.)
[3] (Compl., ¶ 36.)
[4] (Compl., ¶ 37.)
[5] (Compl., ¶ 38.)
[6] (Compl., ¶ 45.)
[7] (Compl., ¶ 46.)
[8] (Compl., ¶ 56.)

M. Halliday, Jr., or the issuance of the Notice of Default and Election to Sell the property as administered by Mr. Halliday. Both occurred on April 12, 2010.[9] On July 13, 2010, Mr. Halliday posted the Notice of Trustee's Sale on the subject property with a sale date of August 12, 2010.[10] This action was submitted to the state court on August 3, 2010, and is now before this federal court on removal.

I. **PLAINTIFF'S MOTION TO REMAND**

Plaintiff objects to the removal of its case to federal court and now moves to remand it back to state court. Plaintiff's theory is that by including "John Does of Unknown Number" in its complaint, this court now lacks subject matter jurisdiction.[11] The court rejects Plaintiff's misrepresentation of the governing statutes.[12] In addition, the court also rejects Plaintiff's use of inapposite caselaw.[13] Plaintiff's contentions are without merit, and Plaintiff's motion to remand is denied.[14]

---

[9] (Compl., ¶¶ 54-55.)

[10] (Compl., ¶ 57.)

[11] (Pl.'s Mem. Supp. Mot. Remand, 1) (Dkt. No. 10).

[12] Plaintiff asserts that 28 U.S.C. § 1441(a) applies to "filing a Notice of Removal." To the contrary, the text does not use either the word "filing" or "notice." Rather, it states that "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." Moreover, the removal language requires the receiving district court to have original jurisdiction, but specifically excludes defendants of fictitious names in considering that jurisdiction. Accordingly, the court rejects Plaintiff's characterization of § 1441 in order to justify its broader contention. *See* (Pl.'s Mem. Supp. Mot. Remand, 1).

[13] In response to Defendant's opposition, Plaintiff's counsel attached a copy of *Commonwealth Property Advocates, LLC v. Ocwen Loan Servicing, LLC*, No. 2:10-cv-86, 2010 U.S. Dist. LEXIS 42228, at *1 (D. Utah Apr. 29, 2010), as decided by this court. *Commonwealth* considered a plaintiff whom sought to bring suit in federal court on diversity grounds. As such, it is inapplicable to this case because there was no removal to federal court under 28 U.S.C. § 1441. Plaintiff's counsel is also reminded that simply attaching cases without citation or explanation is unhelpful.

[14] Plaintiff argues that 28 U.S.C. § 1447(c) gives a plaintiff the ability to avoid federal court by simply naming John Doe defendants, even after the defendant successfully removes a case to federal court under 28 U.S.C. § 1441. As a note, such an action would do little more than unnecessarily open a door to abuse. If accepted, Plaintiff's contention would only encourage plaintiffs to include John Doe defendants to purposefully avoid the federal courts, and thereby strip defendants of the protections that the federal judiciary was intended to preserve.

## II. ORDER TO SHOW CAUSE

The court finds this motion to remand to be frivolous. Accordingly, Plaintiff's counsel is ordered to show cause why he should not be sanctioned and ordered to pay Defendants' costs related to this motion to remand, pursuant to Fed. R. Civ. P. 11(b), (c)(3). It would be helpful to the court if counsel were to cite authority for the proposition that a plaintiff whose case has been removed to federal court may defeat diversity jurisdiction by joining John Doe defendants. Counsel should also address how he believes he has met the requirements of Fed. R. Civ. P. 11(b)(2). Counsel is ordered to respond no later than 10 days from the date of this order.

## III. MOTION TO DISMISS

### A. Standard for Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[15] The court need not, however, consider allegations which are conclusory, or that "do not allege the factual basis" for the claim.[16] Moreover, the court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts.[17]

Although all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[15] *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

[16] *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

[17] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

[18] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

4

for the misconduct alleged."[19] Under this standard, a claim need not be probable, but there must be facts showing more than a "sheer possibility" of wrongdoing.[20]

### B. **Plaintiff's First Cause of Action: Injunctive Relief**

Plaintiff's first claim appears to be premised on the notion that Utah Code Ann. § 57-1-35 provides that when lenders transfers the note for securitization, it loses the rights granted in the trust deed and the authority to foreclose. Plaintiff alleges that the Trust Deed states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.[21]

Echoing its previous language in *Marty v. Mortgage Electronic Registration Sys.*, the court rejects Plaintiff's interpretation of § 57-1-35 and dismisses Plaintiff's claim:

> Plaintiff offers no evidence or legal argument that MERS cannot contract for the right and power of foreclosure regardless of who holds the note, or the beneficial interest under the trust deed. Nor does Plaintiff demonstrate that such rights are actually "lost by transfer of the debt." Utah Code Ann. §57-1-35 does not address whether the parties can agree by contract to have someone other than the beneficial owner of the debt act on behalf of that owner to enforce rights granted in a trust deed.[22]

---

[19] *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[20] *Id.*

[21] (Compl., ¶ 40.)

[22] *Marty v. Mortgage Electronic Registration Sys.,* No. 1:10-cv-33-CW, 2010 U.S. Dist. LEXIS 111209, at *15 (D. Utah Oct. 19, 2010).

5

## C. **Plaintiff's Second Cause of Action – Estoppel/Declaratory Judgment**

Plaintiff contends that "refusal of the Servicer, upon demand, to disclose [the interest of any assignees is binding on the assignees and as a result] defendants, and such assignees, are estopped to assert any present default on the debt, or power of sale under the Trust Deed."[23] Under Utah law, three elements are required to prove equitable estoppel:

> [F]irst, a statement, admission, act, or failure to act by one party inconsistent with a claim later asserted; next, reasonable action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act or failure to act; and, third, injury to the second party that would result from allowing the first party to contradict or repudiate such statement, admission, act, or failure to act.[24]

Adopting its language in *Marty*, the court similarly rejects Plaintiff's contention:

> No claim is made that Defendants acted or failed to act inconsistently with a claim later asserted, that Plaintiff relied on a statement of Defendants, or that injury arose from a contradiction or repudiation of any such statement or action. Rather, Plaintiff simply alleges that a demand for information was made and that Defendants failed to respond. Plaintiff fails to allege any facts that could feasibly fit within the estoppel framework. Therefore, this cause of action is dismissed in favor of all Defendants.[25]

## D. **Plaintiff's Third Cause of Action – Declaratory Judgment**

Plaintiff asserts that Defendants violated Utah law in various respects. Plaintiff contends that the Substitution of Trustee violated Utah Code Ann. § 57-1-22(1)(a), and that the Notice of Default violated § 57-1-24.[26] Defendant also alleges that successor Beneficiary CitiMortgage, Inc.'s Assignment of Deed of Trust was not issued by defendant Beneficiary MERS, thereby invalidating the assignment.[27] Plaintiff argues that this alleged assignment was in violation of

---

[23] (Compl., ¶¶ 68, 70.)

[24] *Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶14, 158 P.3d 1088 (internal citations omitted).

[25] *Marty*, 2010 U.S. Dist. LEXIS 111209, at *6.

[26] (Compl., ¶¶ 75-76.)

[27] (Compl., ¶ 76.)

Utah Code Ann. § 70A-3-302(b).[28] Furthermore, Plaintiff argues that the foreclosure was done without the power of sale pursuant to Utah Code Ann. § 57-1-23.[29]

The court first notes Plaintiff's poor articulation of these assertions. Indeed, they are merely conclusory with little explanation of how the violations occurred. Even so, the commonality between all of these allegations is that they beg the question of the enforceability of the trust deed, in view of its alleged separation from the note. Because the court has found that the authority to foreclose is not necessarily barred simply because a note has been securitized, as explained *supra*, Plaintiff's contentions fail. Nothing suggests that the substitution of trustee, the notice of default, or the foreclosure were otherwise done in violation of the Utah Code.[30] Lastly, the court also finds that Plaintiff has not alleged facts to maintain a claim under Utah Code Ann. § 70A-3-302 regarding holder in due course. This cause of action is therefore dismissed.

### E. **Plaintiff's Fourth Cause of Action: Quiet Title**

Plaintiff alleges that the trust deed "has been unenforceable by defendants from the first transfer of the debt . . . ."[31] As such, it appears that Plaintiff's quite title action is premised on the notion that if Defendants' claim to title is successfully challenged, then by default, title must be quieted in the plaintiff's favor. This proposition misstates the law. "To succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not the weakness of a defendant's title or even its total lack of title."[32] However, Plaintiff offers nothing to prove the strength of its claim, but simply attacks the perceived weaknesses of

---

[28] (Compl., ¶ 77.)

[29] (Compl., ¶ 79.)

[30] *See generally*, *Marty*, 2010 U.S. Dist. LEXIS 111209.

[31] (Compl., ¶ 93.)

[32] *Collard v. Nagle Constr.*, 2002 UT App 306, ¶ 18, 57 P.3d 603 (quoting *Church v. Meadows Springs Ranch Corp.*, 659 P.2d 1045, 1048-49 (Utah 1983)).

Defendants' title.[33] This failure alone defeats Plaintiff's claim. Second, as explained *supra*, the attack on Defendants' claim to title are without merit. Lastly, "[predecessor] is still in default on the loan and it is this that clouds [the] title . . . ."[34] Accordingly, the court rejects Plaintiff's argument and dismisses this claim.

### F. Plaintiff's Fifth Cause of Action: Refund, Fees and Costs

Plaintiff claims that "Defendant Servicer and Trustee's pretense of authority to foreclose, or attempt to foreclose, under the Trust Deeds was fraudulent."[35] Additionally, Plaintiff states that "Defendant Servicer's assertions to the Court herein that they hold and are entitled to enforce the obligations of the Notes would constitute a fraud upon the Court, subjecting defendants to sanctions and imposition of fees and costs under §78B-5-825, U.C.A. (1953)."[36] Plaintiff then demands "fees and costs, together with a reasonable attorney's fee . . . and [a reimbursement of Plaintiff's] fees and charges under the debt and Trust Deeds."[37] "As dubious as they are, the court need not consider the merits of Plaintiff's argument. Where the other claims have been dismissed, any possible remedy is likewise extinguished, and this cause of action against all Defendants is dismissed."[38]

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.[39] Defendants' Motion to dismiss is GRANTED.[40] Plaintiff's counsel is also hereby ordered to show cause why

---

[33] (Compl., ¶¶ 88, 90.)

[34] *Marty*, 2010 U.S. Dist. LEXIS 111209, at *28.

[35] (Compl., ¶ 94.)

[36] (Compl., ¶ 95.)

[37] (Compl., ¶ 96.)

[38] *Marty*, 2010 U.S. Dist. LEXIS 111209, at *29.

[39] (Dkt. No. 9.)

he should not be sanctioned. Such response shall be in conformity with the instruction given herein.

DATED this 12th day of January, 2011.

BY THE COURT:

_____

Clark Waddoups

United States District Judge

---

[40] (Dkt. No. 5.)