IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND JOHN DOES OF UNKNOWN NUMBER,<br><br>                      Defendants. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:10-CV-00885-CW<br><br>Judge Clark Waddoups |

The court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (citations omitted). It has come to the court's attention that a jurisdictional question exists, distinct and independent from those grounds proffered by Plaintiff and its counsel in this case. Specifically, the citizenship of Commonwealth Property Advocates, LLC has not been sufficiently pled in Defendants' notice of removal.

"[W]hile the rule regarding the treatment of corporations as 'citizens' has been firmly established, [the Supreme Court has] just as firmly resisted extending that treatment to other entities." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990)). Thus, "for entities other than corporations (and sometimes trusts), diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members, the several persons composing such association, each of its members." *Penteco Corp.*, 929 F.2d at 1523 (quoting *Carden*, 494 U.S. at 195-96) (internal citations

omitted); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (stating that the "citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization.").

Defendants have failed to demonstrate that diversity exists between them and the unincorporated organization's members. The simple assertion that Commonwealth Property Advocates, LLC "is a Utah limited liability corporation with its principle place of business in Sandy, Utah" is insufficient if the ground for removal is diversity of citizenship. *See* (Notice of Removal, ¶¶ 5, 7, 12) (Dkt. No. 1). Because they were Defendants who removed to federal court, Defendants are "required to prove jurisdictional facts by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (noting, "when the proponent of federal jurisdiction is the party in whose interest diversity jurisdiction was created, actual proof of jurisdictional facts is required . . . ."). Defendants are therefore ordered to show cause why the action should not be remanded to state court for a lack of diversity.

## CONCLUSION

Defendants are ordered to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. In the alternative, Defendants may amend their notice of removal. Defendants have until February 1, 2011 to respond. The previous order dismissing the action is vacated pending resolution of the court's jurisdiction.

DATED this 25th day of January, 2011.

BY THE COURT:

_____

Clark Waddoups

United States District Judge