IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES,<br><br>                Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND JOHN DOES OF UNKNOWN NUMBER,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-CV-00885-CW<br><br>Judge Clark Waddoups |

## I.    THE ORDER TO SHOW CAUSE

In the court's Memorandum Decision and Order dated January 12, 2011, Plaintiff's counsel was ordered to show cause why he should not be sanctioned for frivolously bringing a motion to remand. Plaintiff's counsel argues that pursuant to 28 U.S.C. § 1447, the court erred in not remanding the action to the state court because the existence of non-diverse parties defeated subject matter jurisdiction. This argument fails in a number of respects. It is true that the court's jurisdiction is limited, and void of a federal question, complete diversity is generally required under 28 U.S.C. § 1332. Congress, however, has provided an exception in removal cases by directing that "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). In other words, Congress has broadened the jurisdiction of

the court in certain cases where non-diverse fictional parties may exist, due to the inclusion of John Doe defendants.

Not only does section 1441(a) make it clear that fictitious parties are to be disregarded on removal, but the Tenth Circuit has on several occasions enunciated this same position making it clear that any argument to the contrary is not a "nonfrivolous argument for extending, modifying, or revising existing law" under Rule 11(b)(2). *See e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Austl. Gold, Ins. V. Advanced Tech. Sys., Inc.*, 436 F.3d 1228, 1234-35 (10th Cir. 2006). It is now well-established and beyond dispute that the inclusion of John Doe defendants does not defeat the court's jurisdiction on removal, and Plaintiff sites no authority to the contrary. After removal, 28 U.S.C. § 1447(c) simply requires that subject matter jurisdiction be maintained. And insofar as Congress has set-aside the citizenship of John Doe defendants where subject matter jurisdiction would otherwise exist under § 1441(a), it also exists for purposes § 1447(c).

Accordingly, this court's jurisdiction over those John Doe defendants removed to the federal court cannot fail on these grounds. In light of Congress's clearly stated intention that the court exercise jurisdiction over such fictitiously named defendants on removal, counsel's argument that their non-diversity requires remand to the state course is without merit and frivolous.[1] The court dismisses counsel's challenge under § 1447(e) and his abstention

---

[1] Counsel argues that the claims of these John Doe defendants should be separated and remanded to state court because the non-diversity of the parties destroys the court's jurisdiction. *See* (Resp. Order Show Cause, 2) (Dkt. No. 23). As explained, nondiversity – so far as fictitiously named defendants are concerned – is disregarded in determining subject matter jurisdiction on removal. Counsel contends, however, that his position cannot be considered frivolous because the law is not well-settled, citing Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rule Handbook § 2.16, 113 (2011 ed. 2010). This citation is simply inapposite to the case before the court. The "nondiverse claims" in Plaintiff's citation are irrelevant for jurisdictional purposes where Congress has stated that fictitiously named defendants should be disregarded. Furthermore, the argument that the

argument, as explained *infra*. Because counsel's arguments are found to be frivolous regarding the motion to remand, he is ordered to pay Defendants' costs in responding to the motion to remand.

## II. MOTION TO RECONSIDER

Plaintiff moves the court to reconsider its decision to dismiss Plaintiff's action. The Tenth Circuit has stated that three grounds warrant a motion to reconsider: (1) An intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Brunmark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Although not explicit, it appears that Plaintiff's position is that the court erred in dismissing Plaintiff's action. This assertion is rejected.

First, Plaintiff admonishes the court for not taking "cognizance of 28 U.S.C. § 1447(e)." (Mem. Supp. Mot. Reconsider, 2.) In brief, § 1447(e) considers the joinder of additional defendants after removal. In light of Plaintiff's misconstrued but adamant statement that "Plaintiff did not attempt to add Does in the federal court," little sense can be made from this contention. The court finds this argument to be frivolous.

Second, Plaintiff argues that the court erred for not abstaining in this action because "the matter is one of peculiar interest to the State." (Mem. Supp. Mot. Reconsider, 3.) Counsel proffers nothing but his own legal conclusions, referencing a string of citations with no clear articulation of the law or the court's error. The court has previously admonished counsel to be more discriminating in his argumentation and responsible in his use of caselaw. *See Marty v.*

---

court should separate the diverse and nondiverse claims – assuming that the contention has merit – was never proposed or argued in counsel's previous briefing.

*MERS*, No. 1:10-CV-33, 2010 U.S. Dist. LEXIS, at *7-8 n.23 (D. Utah Oct. 19, 2010), (Mem. Dec. and Order, 3) (Dkt. No. 19). The court finds this argument to be frivolous.

Lastly, Plaintiff's Memorandum in Support of Motion for Reconsideration is a virtual copy-paste of counsel's Response to Order to Show Cause. Such unnecessary duplication provides nothing new before the court, and can only be viewed as an attempt to harass, delay, or unnecessarily increase the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1). For all of the foregoing reasons, counsel is therefore further sanctioned and ordered to pay Defendants' costs relating to Plaintiff's Motion to Reconsider.

## CONCLUSION

For the reasons stated above, Plaintiff's counsel is sanctioned and hereby ordered to pay Defendants' costs related to Plaintiff's Motion to Remand and Plaintiff's Motion to Reconsider. The court emphasizes that these costs are to be paid by counsel and not his client. Defendants are to submit an affidavit supporting the amount of fee and costs to be awarded. Plaintiff's motion to reconsider is DENIED.

DATED this 16th day of February, 2011.

BY THE COURT:

_____

Clark Waddoups

United States District Judge